## FILLORAMO v. GIUNTA.

### No. 6688.

United States Court of Appeals for the District of Columbia.

Decided Jan. 25, 1937.

Harry H. Bettelman, of Washington, D. C., for plaintiff in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

The record discloses that on August 13, 1935, Thomas Filloramo, as plaintiff, filed a declaration in the municipal court claiming judgment against Mary Giunta as defendant, upon a claim that in June, 1933, the parties had entered into a mutual contract whereby plaintiff was to build a brick garage for defendant on the rear of lot 115 D Street N. W. in Washington, for which defendant was to pay plaintiff the sum of $450 plus all costs of materials to be furnished by plaintiff; that in June plaintiff began to build and in August following plaintiff completed the building of the garage according to the contract; and that plaintiff expended the sum of $200.25 for material used in building the garage; that plaintiff fully completed his part of the contract and defendant accepted the garage and has used it continuously ever since, but has failed to pay to plaintiff the contract price of $450 plus the cost of materials, amounting to $200.25, aggregating the sum of $650.25, which sum is due plaintiff, though payment thereof has often been demanded by plaintiff, and plaintiff prayed judgment therefor.

On the same day, plaintiff filed an affidavit of merit in terms consistent with those of the declaration.

The defendant, Mary Giunta, thereupon filed an affidavit of defense in which she denied that she had ever entered into an agreement with the plaintiff whereby plaintiff was to build a garage for her or that she had agreed to pay plaintiff the

sum of $450 for erecting such garage, and denied that she agreed and promised to pay plaintiff for costs of material furnished by him; she denied that plaintiff had expended the sum of $200.25 for material for the garage or that he had demanded payment by her of said sum, or any part of the same, and denied that such sum is now due and owing to the plaintiff.

As a further defense to the claim, the defendant stated that at the time the garage was being erected by the plaintiff she was living at 115 D street as a monthly tenant of one Dominick Anastasi, and had knowledge that plaintiff was building the garage; that Anastasi left her money to pay the materialmen for building material as the same was brought to the premises of 115 D street; that she paid for such building material with the money left with her by him. She denied that she ever at any time entered into an agreement with plaintiff to have the garage constructed, or that she ever agreed with plaintiff to pay him for erecting the same or for any material used in constructing it, and denied that she was indebted to plaintiff in any sum whatever. At the same time defendant filed a plea in similar terms with her affidavit of defense.

At the trial the claim of the plaintiff was supported by direct testimony of witness Anthony Gaetano who testified that he had worked upon the garage for about six weeks and was paid his salary by Filloramo, and that he had heard Mary Giunta promise to pay Filloramo the sum of four hundred and more dollars as soon as the garage was finished; and that the material for the garage was received and the bills were signed therefor by Filloramo.

It appears by the bill of exceptions that the defendant, Mary Giunta, as a witness at the trial denied that she had made any agreement with plaintiff for the erection of the garage or the payment therefor, or the payment of materials furnished or used in the construction of the same or that she promised to pay plaintiff for his labor or for materials; and stated that one Dominick Anastasi and the plaintiff entered into an agreement for the construction of the garage and that it was built by plaintiff for and on behalf of Anastasi, and Anastasi paid for all the building material which went into the construction of the garage, and received receipted bills therefor; that she had no knowledge that a garage was to be built at 115 D Street N. W., until after she moved to that address;

that then Anastasi asked the defendant if she would pay the building men for the material when the same was brought to the premises, and pay the laborers assisting the plaintiff if he, Anastasi, left the money for that purpose, which she agreed to do; and that Anastasi left with her various sums of money to pay these charges and she paid for the materials and helpers assisting plaintiff and received c. o. d. bills at the time of payment.

Dominick Anastasi testified in substance as follows: That he made arrangements with plaintiff for the construction of the garage at 115 D Street N. W.; that at that time plaintiff was doing some other building for him at his lunch room; that he could not be at 115 D street when the building material was brought there and therefore he requested Mary Giunta, who was renting from him and living there at the time, that she should pay for the building material for the garage when the same was hauled there and also pay the helpers assisting the plaintiff, if witness left the money with her for that purpose; that the defendant agreed to do this and he left various sums of money with her for such payments; that on several occasions when he did not have the cash he filled out slips on his account at the building association and gave them to the defendant, Mary Giunta, for the purpose of cashing them; that he and the plaintiff had been very good friends for many years and that he had done many favors for plaintiff, that he had given him board and lodging free of charge for six or seven weeks, and had given him two valuable bird-dogs; that the plaintiff persuaded him to have the garage built at 115 D street, and said that he, plaintiff, would do the work for nothing, and that all the witness would have to pay for was the building material and laborers assisting plaintiff, and that the whole thing should not stand him, the witness, over $300.

Thereupon in support of this claim an employee of the building association testified as a witness that Dominick Anastasi had received money upon withdrawal slips from the building association as follows, one for June, 1933, showing a withdrawal for the sum of $1,500, another for June, 1933, for the sum of $500, one for July, 1933, for the sum of $200, another for July, 1933, for the sum of $300, and a third for July, 1933, in the sum of $200, and for various other sums withdrawn by him from the building association. All the

502

said withdrawal slips were indorsed by Mary Giunta with the exception of one dated August 25, 1933; that there was nothing else on the withdrawal slips showing for what purpose the money had been withdrawn.

The plaintiff objected to the admission in evidence of these slips on the ground that they merely showed that they were made payable by Dominick Anastasi to Mary Giunta for various sums of money over various periods of time, and that the dates and amounts of the slips did not in any way correspond to the amount and dates claimed by the plaintiff in his particulars of demand; that they did not show what the defendant did with the money; and that such testimony was too remote, irrelevant, and immaterial and that no reasonable inference could be drawn from such evidence. This objection was overruled by the trial judge and exceptions were saved to the ruling.

The court thereupon rendered its finding in favor of the defendant on the entire cause.

A motion for a new trial was then filed by Filloramo on the ground that the finding was contrary to the evidence and contrary to law, and in support of this motion the plaintiff submitted affidavits of Leo Pecoraro, Peter Criaco, and Frank Marzo, as newly discovered evidence, wherein the affiants testified that they had heard Mary Giunta say that Filloramo had built the garage for her and she was to pay him $450 and the costs of the material for the same but had not yet paid him the amount.

The motion for a new trial was overruled by the court and judgment was entered for the defendant, whereupon the present writ of error was filed in this court by leave duly granted.

In our opinion the ruling of the trial judge admitting the building association slips in evidence was erroneous. There was no testimony connecting them with the facts in issue. They simply showed that during an extended period of time Anastasi had withdrawn considerable sums from the building association, and that the slips in question were signed by the defendant, Mary Giunta, but the testimony does not connect the slips in any way with the sums paid for the building of the garage either for labor or material. The testimony therefore was irrelevant and incompetent and in our opinion the error was of suf-ficient importance to require a reversal of the judgment.

Reversed and remanded.